United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODERICK DEL ROSARIO,<br>Plaintiff,<br>v.<br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br>Defendant. | Case No. 18-cv-07197-DMR<br><br>**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br>Re: Dkt. No. 16 |

Plaintiff Roderick Del Rosario brought this action seeking judicial review of a decision by the Social Security Administration ("SSA") denying his claim for supplemental security income benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. § 405(g). [Docket No. 1 (Compl.).] Defendant Andrew Saul,[1] Commissioner of Social Security, now moves pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's complaint on the basis that it was untimely filed. [Docket Nos. 16 ("Mot."); 18.] On June 19, 2019, the court notified the parties that it would convert Defendant's motion to dismiss into a motion for summary judgment on the issue of timeliness and ordered Plaintiff to file supplemental evidence and briefing. [Docket No. 19.] Plaintiff filed an additional declaration on July 3, 2019. [Docket No. 20 ("Waggoner Decl.").] For the following reasons, Defendant's motion for summary judgment on the issue of timeliness is granted.

**I. BACKGROUND**

**A. Factual Background and Procedural History**

On July 17, 2014, Plaintiff filed an application for supplemental security income. [Docket No. 16-2 at 4.] On November 24, 2017, Administrative Law Judge ("ALJ") Richard P. Laverdure

---

[1] Andrew Saul became Commissioner of the Social Security Administration ("SSA") on June 17, 2019, replacing Nancy A. Berryhill, Acting Commissioner of SSA.

issued a decision partially denying Plaintiff's claim for benefits under Title XVI. *Id.* Plaintiff then requested review of the ALJ's decision by the Appeals Council of the Social Security Administration. The Appeals Council issued a decision dated September 21, 2018 denying Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. [Docket No. 16-3 ("Notice").] The Notice provided information about how Plaintiff could seek court review of the decision, including the following:

**Time to File a Civil Action**

- You have 60 days to file a civil action (ask for court review).

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

Notice at 2.

Plaintiff filed this action on November 28, 2018, seeking judicial review of the Appeals Council's decision under 42 U.S.C. § 405(g). Defendant moves for dismissal on the basis that Plaintiff did not commence his suit within the 60-day period specified by the Notice and by 42 U.S.C. § 405(g). According to Defendant, Plaintiff is presumed to have received the Notice on September 26, 2018, five days after its issuance, and was therefore required to commence this action 60 days later, by November 26, 2018. Since Plaintiff did not file suit until two days after the deadline, Defendant contends that the action is untimely and should be barred.

Defendant submitted a declaration and two exhibits as part of his motion. [Docket No. 16-1 ("Voegele Decl.").] When a court considers matters outside the pleadings on a motion under Rule 12(b)(6), it must convert the motion into a Rule 56 motion for summary judgment, and in so doing, the court must give "[a]ll parties . . . a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also San Pedro Hotel Co., Inc. v. City of Los Angeles*, 159 F.3d 470, 477 (9th Cir. 1998) ("In providing notice to the parties, 'a district court need only apprise the parties that it will look beyond the pleadings to extrinsic evidence and give them an opportunity to supplement the record.'" (citation omitted)). Accordingly, on June 19, 2019, the court notified the parties that it would convert Defendant's motion to dismiss into a motion for

summary judgment. [Docket No. 19.] The court ordered Plaintiff to file supplemental evidence to provide evidentiary support for the factual allegations in his opposition, or any other facts supporting his position. *Id*. Plaintiff timely submitted a declaration from his counsel in support of his positions.

According to Plaintiff's counsel David Waggoner, Plaintiff was previously represented by a different attorney, Alexx Campbell, at Homeless Action Center. Waggoner Decl. ¶ 10. Campbell had represented Plaintiff at his hearing before the ALJ, who issued a partially favorable decision. *Id.* ¶ 9; *see also* Voegele Decl., Ex. 1. Campbell then appealed the decision to the Appeals Council on Plaintiff's behalf. *Id.* ¶ 10. The Appeals Counsel issued a decision upholding the ALJ's decision on September 21, 2018. *Id.* ¶ 11; *see also* Voegele Decl., Ex. 2.

Campbell resigned from his position at HAC on October 2, 2018. Waggoner Decl. ¶ 12. He sent an email with transfer notes regarding Plaintiff's case that same day. *Id.* ¶¶ 12, 14. Waggoner was then assigned to Plaintiff's case. *Id.* ¶ 13. According to Waggoner, the case transfer notes indicated that the next step for Plaintiff's case was to write the brief requesting review of the ALJ's decision by the Appeals Council. *Id.* ¶¶ 13-14. Waggoner was traveling internationally at the time that Plaintiff's case was assigned to him. Waggoner Decl. ¶ 15. While traveling, Waggoner worked remotely using a laptop, but he did not have access to Plaintiff's electronic or paper file, and so he only had the information about Plaintiff's case that Campbell sent in the transfer notes email. *Id.* ¶¶ 15-20. Waggoner returned to his office on November 28, 2018 and at that point reviewed the September 21, 2018 Appeals Council's denial of the appeal that Campbell had filed. *Id.* ¶ 23. Waggoner filed the complaint in this case that same day. *Id.* ¶ 25.

Waggoner's declaration is cryptic with respect to key details. For example, he only vaguely explains what information regarding case-related tasks and deadlines was contained in Campbell's case transfer email, and he does not state whether Campbell's information was correct.[2] He also does not state what further information he would have learned if he had access to the electronic or paper file while he was out of the office. Waggoner's declaration indicates that he was away from the office for approximately two months (between late September and late November 2018).

---

[2] For example, Waggoner is not explicit about whether Campbell's email transfer notes incorrectly reported that the next step in Plaintiff's case was to write an Appeals Council brief.

3

Although Waggoner states that he was not expecting to receive any time-sensitive mail while he was away, he does not explain what arrangements were made, if any, to have another person check his files for him during a significant two-month absence to make sure he did not miss any deadlines on behalf of his clients.

Waggoner states that he "believes" the September 21, 2018 denial letter from the Appeals Council arrived at the HAC office "between the time it was mailed and after Mr. Campbell's [October 2, 2018] resignation." Waggoner Decl. at ¶ 26. The only support for this assertion is his belief that "[i]f Mr. Campbell had received the denial letter before he resigned, he would have communicated that fact to me and the corresponding time sensitive nature regarding an appeal." *Id.* at ¶ 27. Waggoner does not offer anything more concrete to support his belief, such as a copy of the Appeals Council denial letter with a date-received stamp.

## II. LEGAL STANDARDS

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted). A genuine factual issue exists if, in accounting for the burdens of production and proof that would be required at trial, sufficient evidence favors the non-movant such that a reasonable jury could return a verdict in that party's favor. *Id.* at 248. The court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See id.* at 249.

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists. *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, *Anderson*, 477 U.S. at 252; conclusory assertions will not suffice. *See Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). Similarly,

"[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on the motion. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

## III. DISCUSSION

Defendant moves to dismiss Plaintiff's complaint as untimely. Plaintiff does not deny that his complaint was filed two days late. [Docket No. 17 ("Opp.") at 2.] Instead, he argues that Defendant's motion should be denied because it is also untimely. *Id.* at 1. Additionally, he argues that the court should apply the doctrine of equitable tolling to excuse the lateness of the complaint. *Id.* at 2. Neither party raises any issues of disputed material facts; therefore, this motion is properly decided on summary judgment.

### A. Defendant's Untimely Motion

Plaintiff contends that Defendant's motion to dismiss is invalid because it was three days late. Opp. at 1. According to the Scheduling Order, Defendant's responsive pleading is due within 90 days of receipt of service of the summons and complaint. [Docket No. 6.] The parties agree that Defendant's responsive pleading was due April 15, 2019. Opp. at 1; Reply at 2. However, Defendant did not file his motion until April 18, 2019. Defendant's counsel Christine Voegele argues that the delay is not fatal to the motion. Reply at 2. She represents that the reason for the untimeliness of Defendant's reply is that she mis-calendared the answer deadline as April 18, 2019.

Docket No. 12 contains two proofs of service ("POS"). The POS filing and accompanying ECF text entry inject some confusion into determination of the operable deadlines. The POS on the first page records that Plaintiff served the Commissioner on January 18, 2019. [Docket No. 12 at 1.] The POS on the following page shows that the U.S. Attorney's Office was served on January 15, 2019. [Docket No. 12 at 2.] Since service on the U.S. Attorney's Office is effective service on the Commissioner, Defendant's deadline to answer the complaint is calculated based on the earlier date of January 15, 2019. However, the ECF text accompanying the POS docket entry states that service took place on January 18, 2019 and lists Defendant's responsive pleading deadline as April 18, 2019. If service had occurred on January 18, 2019, as indicated by the first POS and the ECF text, then Defendant's motion would have been timely because the filing deadline would have been

due April 18, 2019. Voegele states that she calendared the deadline based on the date on the first POS and argues that this was a reasonable and unintentional mistake. Mot. at 2.

Refusal to consider the Defendant's response to the complaint would amount to allowing Plaintiff to seek default judgment against the government; therefore, cases addressing the standard for default judgment under Rule 55 are applicable here. *See Dotson v. Chater*, No. 96-cv-0689-MHP, 1998 WL 164945, at *2 (N.D. Cal. Mar. 2, 1998) (finding that Rule 55 "provide[s] guidance" in determining the correct approach to late-filed responses to a complaint). The Ninth Circuit recognizes the strong public policy of resolving cases on their merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). Further, the standard for entering default judgment against the United States is higher than that for non-governmental defendants. Rule 55(e) states that a default judgment "may be entered against the United States . . . only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(e). The language of Rule 55(e) "is more restrictive than the standard for default entitlement against non-United States defendants." *Ross v. United States*, 574 F. Supp. 536, 538 (S.D.N.Y. 1983) (discussing Rule 55(e)); *see also Greenbaum v. United States*, 360 F. Supp. 784, 789 (E.D. Pa. 1973) ("A court may not enter a default judgment against the Government merely for failure to file a timely response.").

Here, Defendant filed his responsive pleading three days late based on an inadvertent mistake that was due to an admittedly confusing filing of multiple POS plus an incorrect text entry on ECF. Plaintiff does not cite any caselaw in support of his position that the court should not consider Defendant's motion to dismiss under these circumstances, and such a result would cut against the weight of the authority. Therefore, the court will consider Defendant's motion to dismiss on the merits.

### B. Plaintiff's Untimely Complaint

Claimants appealing from adverse decisions by the Commissioner or Social Security "may obtain a review of such decision by a civil action commenced within sixty days after the mailing to

him of notice of such decision." 42 U.S.C. § 405(g).[3] If a claimant does not file a civil action within the prescribed 60-day time frame, he or she loses the right to judicial review. 20 C.F.R. § 404.900(b). Defendant moves to dismiss Plaintiff's complaint with prejudice on the basis that it is untimely under section 405(g). The parties do not dispute that Plaintiff's complaint was filed two days late. Mot. at 2; Opp. at 1.

As examined above, the issue of timeliness with respect to Defendant's motion is governed by Rule 55 and interpreting caselaw. The timeliness of Plaintiff's complaint, however, is governed by section 405(g) of the Social Security Act. Generally, the United States cannot be sued by private individuals unless Congress has specifically permitted such actions through legislation. *Block v. N. Dakota ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress."). The Social Security Act is legislation by which Congress has authorized private suits against the United States. *See Bowen v. City of New York*, 476 U.S. 467, 479-80 (1986). However, Congress may "attach[] conditions to legislation waiving the sovereign immunity of the United States." *Block*, 461 U.S. at 287. Any such conditions imposed by Congress must be "strictly observed." *Id.*; *see also Bowen*, 476 U.S. at 479. The Supreme Court has interpreted section 405(g) to impose a condition of Congress (namely, the 60-day statute of limitations), *Bowen*, 476 U.S. at 479, and so exceptions to the timing requirement of this section "are not to be lightly implied." *Block*, 461 U.S. at 287. Therefore, the late-filing of Social Security complaints is scrutinized under a different standard than the late-filing of briefs during an action that has already commenced. Since the former standard is more demanding, it may sometimes be the case that (as here) the court will accept a late-filed brief but not a late-filed complaint.

Courts have dismissed cases filed only days after the expiration of the statute of limitations. *See, e.g.*, *Tate v. United States*, 437 F.2d 88, 89 (9th Cir. 1971) (affirming dismissal of Social

---

[3] Although § 405(g) uses the word "mailing," a regulation provides that a civil action "must be instituted within 60 days after the Appeals Council's notice . . . is received by the individual" and that "the date of receipt . . . shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary." 20 C.F.R. § 422.210(c).

7

Security complaint filed two days late); *Fletcher v. Apfel*, 210 F.3d 510 (5th Cir. 2000) (affirming summary judgment in favor of Commissioner because the complaint was filed one day late); *Atherton v. Colvin*, 2014 WL 580167 at *4 (C.D. Cal. Feb. 12, 2014) (dismissing complaint filed four days late).

However, "[i]n certain rare instances, the sixty day statute of limitations can be excused" through the doctrine of equitable tolling. *Diaz v. Comm'r of Soc. Sec.*, No. 13-cv-05027-PSG, 2014 WL 1348896, at *3 (N.D. Cal. Apr. 4, 2014). Federal courts "have typically extended equitable relief only sparingly," such as "where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). In *Bowen*, for example, the Supreme Court applied equitable tolling because the "Government's secretive conduct prevents plaintiffs from knowing of a violation of rights . . . ." *Bowen*, 476 U.S. at 481. Similarly, the Ninth Circuit determined that a claimant may have a "factual basis for . . . equitable tolling" where an employee for the Social Security Administration inadvertently misled the claimant as to the process for seeking an extension. *See generally Vernon v. Heckler*, 811 F.2d 1274 (9th Cir. 1987). The Eighth Circuit has observed that "equitable circumstances that might toll a limitations period involve conduct (by someone other than the claimant) that is misleading or fraudulent." *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) ("Equitable tolling thus far has been allowed only in those cases where the government has hindered a claimant's attempts to exercise her rights by acting in a misleading or clandestine way.").

By contrast, courts generally do not grant the equitable tolling of limitations periods where the claimant failed to exercise due diligence in preserving his legal rights. *Irwin*, 498 U.S. at 96 ("We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights."); *see also Okafor v. United States*, 846 F.3d 337, 340 (9th Cir. 2017) ("We do not recognize run-of-the mill mistakes as grounds for equitable tolling because doing so would essentially equitably toll limitations periods for every person whose attorney missed a deadline.") (quoting *Luna v. Kernan*, 784 F.3d 640, 647 (9th Cir. 2015)) (internal

quotation marks and further citations omitted).

Here, Plaintiff's counsel asserts that the complaint was filed late because the case was transferred to him after the prior attorney resigned, and that this occurred while he was out of the country on an extended two-month trip during which he did not have access to Plaintiff's electronic or paper file or to mail received in the case. It appears that no one else checked Waggoner's mail or files during his two-month absence or notified him of the time-sensitive nature of the Appeals Council mailing.

These facts are not sufficient to meet the high standard for equitable tolling. Plaintiff's counsel offers little more than conjecture that the Appeals Council denial letter took significantly longer than the five-day presumptive receipt period set forth in the letter. He appears to admit that no one checked his mail or his files during his two-month absence, which is an exceptionally long period for a lawyer to leave his or her files unattended. The Ninth Circuit "ha[s] not applied equitable tolling in non-capital cases where attorney negligence has caused the filing of a petition to be untimely." *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003), *as amended* (Nov. 3, 2003). In the Social Security context, courts in this circuit have held that "mere attorney negligence is not an extraordinary circumstance warranting equitable tolling absent a showing of bad faith, dishonesty, divided loyalty, or impairment on the part of the attorney." *Carty v. Berryhill*, No. 17-cv-01212-JCS, 2017 WL 5525827, at *7 (N.D. Cal. Nov. 17, 2017) (quoting *Holland v. Florida*, 560 U.S. 631, 655 (2010)) (internal quotation marks omitted); *Kindschy v. Berryhill*, No. 17-cv-00445-CWD, 2018 WL 1583135, at *4 (D. Idaho Mar. 30, 2018) (dismissing Social Security appeal as untimely because attorney's "lack of diligence" was not an "extraordinary circumstance[] to justify tolling the 60-day statute of limitations").

In sum, the facts of this case do not meet the high standard for showing the "extraordinary circumstances" required to receive the benefit of equitable tolling. The court therefore holds that equitable tolling does not apply in this matter. Accordingly, Defendant's motion for summary judgment is granted.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's motion for summary judgment on the issue of

9

timeliness is granted. The case is dismissed with prejudice. The Clerk shall enter judgment for Defendant and against Plaintiff and close the file in this matter.

**IT IS SO ORDERED.**

Dated: October 9, 2019



_____
Donna M. Ryu
United States Magistrate Judge